On petitioner's petition for reconsideration filed September 23, and respondent's response to petition for reconsideration filed September 29, petition for reconsideration allowed; former opinion (222 Or App 293, 195 P3d 389) adhered to November 26, 2008

AMALGAMATED TRANSIT UNION
DIVISION LOCAL 757 (AFL-CIO),
*Respondent,*

*v.*

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT OF OREGON,
*Petitioner.*

Employment Relations Board
UP6403; A133236

197 P3d 60

David Wilson and Bullard Smith Jernstedt Wilson for petition.

Susan L. Stoner for response.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Tri-County Metropolitan Transportation District of Oregon (TriMet) petitions for reconsideration of our decision in *Amalgamated Transit Union v. TriMet*, 222 Or App 293, 195 P3d 389 (2008). We allow the petition for reconsideration. We write to briefly address only one of TriMet's arguments and reject the others without discussion. We adhere to our decision as issued.

TriMet contends that, in our opinion, when construing the pertinent United States Department of Transportation (DOT) regulations, we failed to give adequate deference to a letter written by the Deputy Assistant General Counsel for DOT's Office of Drug and Alcohol Policy Compliance. TriMet points out that a federal agency's opinion on the meaning of its own regulations is entitled to great weight. *See Thomas Jefferson University v. Shalala*, 512 US 504, 512, 114 S Ct 2381, 129 L Ed 2d 405 (1994) (an agency's interpretation of its own regulation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation). However, TriMet does not actually challenge our interpretation of the pertinent regulations. Instead, it appears to take the position that we erroneously concluded that it was the collector, not grievant, who terminated the test early.

The basis for TriMet's position is not entirely clear. To the extent that TriMet argues that we were required to defer to the view of the facts that DOT's counsel evidently took, TriMet cites no authority for that position, and we are aware of none. To the extent that TriMet argues that our view of the facts is not supported by the record before us, we disagree. The arbitrator expressly found that "grievant was not given a full three hour period of time to provide an adequate sample of urine." That finding indicates that the collector, not grievant, terminated the test.

TriMet disputes that factual finding. It relies on grievant's testimony at the arbitration hearing, asserting that her testimony shows that it was, in fact, *grievant* who terminated the test. The problem with TriMet's argument is that grievant's testimony is not part of the record on judicial

review. The Employment Relations Board excluded the transcript of the arbitration hearing from the record. Although TriMet assigned error to the ruling excluding that evidence, it made no argument in support of that assignment, so we rejected it without comment. Because grievant's testimony is not part of the record before us, we do not consider it on reconsideration.

Petition for reconsideration allowed; former opinion adhered to.